**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DISTRICT**

| | |
|---|---|
| **PATRICIA JEAN BENNETT** | **PLAINTIFF** |
| **V.** | **CASE NO. 1:04CV312-M-D** |
| **TUPELO COUNTRY CLUB &** | |
| **WILMER "MAC" MCALLISTER** | **DEFENDANTS** |

### MEMORANDUM OPINION

This cause comes before the Court on the defendants' motion to dismiss and alternatively for summary judgment [10-1]. The Court has reviewed the briefs and exhibits and is prepared to rule.

The plaintiff is Patricia Bennett, a Mississippi resident formerly employed as dining room supervisor for the Tupelo Country Club ("the TCC"). The defendants include the TCC and its manager, Wilmer "Mac" McAllister. On October 5, 2004, Bennett filed this complaint against the defendants, accusing them of sex discrimination under Title VII, breach of contract, invasion of privacy and misappropriation of funds. The complaint also asserts a state law claim of malicious interference with contract against McAllister. Bennett was the dining room supervisor at the TCC for two-and-one-half years. Bennett maintains that McAllister removed her from that position because of: (1) her sex, due to her allegation that McAllister preferred an effeminate male as the dining room supervisor; and (2) she had filed a written grievance with the TCC about McAllister's management style. The TCC, against its own policy, then communicated this grievance to McAllister.

On March 9, 2005, defendants filed a motion to dismiss Bennett's sex discrimination claim,

as well as Bennett's remaining state law claims, pursuant to Federal Rule of Civil Procedure 12(b)(6). Since that time, both parties have introduced matters outside the pleadings.

## ANALYSIS

"If on a motion asserting the defense numbered (6) to dismiss for failure to state a claim upon which relief can be granted, matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56." FRCP 12(b)(6); see also Warth v. Seldin, 422 U.S. 490, 527 (1975) and Burns v. Harris County Bail Bond Bd., 139 F.3d 513, 517 (5th Cir. 1998).

Summary judgment is appropriate when the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). An issue of material fact is genuine if a reasonable jury could return a verdict for the nonmovant. Anderson v. Liberty Lobby, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). In reviewing the evidence, this Court must draw all reasonable inferences in favor of the nonmoving party, and avoid credibility determinations and weighing of the evidence. Reeves v. Sanderson Plumbing Prods. Inc., 530 U.S. 133, 120 S.Ct. 2097, 2110, 147 L.Ed.2d 105 (2000). In so doing, the Court must disregard all evidence favorable to the moving party that the jury is not required to believe. Reeves, 120 S.Ct. at 2110.

In the instant motion, the TCC claims that it is exempt from liability on the sex discrimination claims pursuant to § 701(b)(2) of Title VII. That provision specifically exempts from

liability any bona fide private membership club which is also exempt from taxation under section 501 (c) of Title 26. TCC currently maintains tax exempt status, and so the only legal question raised by the instant motion is whether TCC is a bona fide private membership club. The Fifth Circuit Court of Appeals has stated that:

> in order to be exempt from coverage by Title VII, an association of persons for social or recreational purposes or for the promotion of some common literary, scientific or political objective must also be legitimate (as opposed to sham), private (as opposed to public) and must require some meaningful conditions of limited membership.

Quijano v. Univ. Fed. Credit Union, 617 F.2d 129, 131 (5th Cir. 1980)(holding that credit union was not bona fide private club). These factors are consistent with the EEOC's three-part definition of a bona fide private membership club which (1) is a club in the ordinary sense of the word, (2) is private, and (3) requires meaningful conditions of limited membership. EEOC Compliance Manual ¶ 2175 at 2316. To be considered a club for purposes of the exemption, there is no requirement that members of a club share "associational values that would be endangered if the organization were required to comply with Title VII." E.E.O.C. v. Chicago Club, 881 F.Supp. 350, 354 (7th Cir. 1996).

The defendants argue that the TCC is a bona fide private membership club because it is an association of persons for social and recreational purposes that: (1) is controlled by its members; (2) limits its facilities to members; and (3) does not publicly advertise. In determining whether a club is "private," the EEOC's compliance manual outlines the characteristics to be considered:

> (1) the extent to which facilities and services are limited to members and guests, (2) the extent to which or the way in which the organizations is controlled or owned by its membership; and (3) to what extent and in what manner does the organization publicly advertise to solicit members or promote the use of its facilities and services by the general public.

see EEOC Compliance Manual § 2-III (B)(4)(a)(ii). Bennet concedes that the TCC is controlled

by its members, but maintains that the TCC, contrary to its claims, does not limit its facilities to members and does publicly advertise.

Neither the Fifth Circuit nor any Mississippi federal court have addressed whether a country club is a bona fide private membership club. However, the Seventh Circuit has held that such a club was a private club entitled to the exemption where it limited the use of its facilities to events hosted by members (even though often members hosted events for other organizations or corporations), billed members for the use of the facility, and required the host member to attend the event. Chicago Club, 881 F.Supp. 350. On the other hand, courts have concluded that a club was not private because it gave both members and guests essentially the same privileges. E.E.O.C. v. University Club of Chicago, 763 F.Supp. 985 (N.D. Ill. 1991).

Bennet points to several practices of the TCC to advance her argument that TCC is not entitled to an exemption under Title VII. First, the TCC allows golf and tennis professionals to give lessons to non-members on the TCC property. Second, the TCC has a 9000 account so non-members can pay cash when using the facility. Third, the TCC not only hosts regional and statewide events, but allows those attending the Tupelo Furniture Market to eat and use the facility as well. Fourth, the TCC does publicly advertise and has hired a marketing person to make cold calls to attract new members. Finally, Bennett argues that the TCC has no meaningful conditions of limited membership because anyone that applies is accepted regardless of their employment status or moral character.

The defendants maintain that anytime a non-member uses the facility, they must be accompanied by an actual TCC member and that the golf and tennis lessons are conducted by the professionals on their own time and the TCC does not receive any revenue from them. Furthermore,

4

the TCC states that the 9000 account is an arbitrary number used by both guests and members and that only 5-7% of the TCC's revenue comes from guests. TCC also maintains that it does have meaningful conditions of limited membership and caps its total membership at 600.

Although this is a close case, the Court finds that disputed issues of fact preclude summary judgment in this case at this stage of the proceedings, primarily consisting of the extent to which non-members are permitted to use the TCC facilities without the involvement of an active member. The Court is hopeful that evidence adduced at trial will clarify the TCC's status. At this time, however, the motion is DENIED. A separate order to that effect shall issue this day.

This is the 5th day of January, 2006.

    /s/ Michael P. Mills
**UNITED STATES DISTRICT JUDGE**